UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES                                    CRIMINAL ACTION

VERSUS                                           NO. 14-172

MANUEL OMAR MINJAREZ                             SECTION "B" (3)

ORDER AND REASONS

I.   NATURE OF THE MOTION AND RELIEF SOUGHT

Before the Court is Defendant Manuel O. Minjarez's motion to amend and modify sentence pursuant to 18 U.S.C. § 3582(c)(1). Rec. Doc. 94. Defendant requests that we reconsider his sentence in light of Amendment 794 to the United States Sentencing Guideline § 3B1.2 of a minor role reduction. Rec. Doc. 94 at 1. He also requests the appointment of counsel for this purpose. *Id*.

**IT IS ORDERED** that the motion (Rec. Doc. 94) be **DENIED.**

II.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Prior to sentencing, a pre-sentence investigation report ("PSR") was filed into the record; it applied the sentencing guidelines to make a sentencing recommendation. Rec. Doc. 73. Defendant had 14 days to object to this report; instead, he requested a *Booker* downward variance. Rec. Docs. 74, 76[1]. Defendant was sentenced on September 23, 2015, at which time this Court denied his request for a downward variance. Rec. Doc. 84 at 21. He

---

[1] Defendant's motion for a downward variance is sealed. Rec. Doc. 76.

filed the instant motion almost a year later on September 2, 2016. Rec. Doc. 94 at 1.

In this motion, Defendant requests a review of his sentence in light of Amendment 794 to U.S.S.G. § 3B1.2 and the decision of the Ninth Circuit in *United States v. Quintero-Leyva*, 825 F.3d 519 (9th Cir. 2016). Rec. Doc. 94 at 1. He also requests counsel. *Id*.

## III. LAW & ANALYSIS

Because the Defendant requests a review of his sentence in light of an amendment to the United States Sentencing Guidelines, the instant motion must be construed as a motion under 18 U.S.C. § 3582(c)(2).[2] *See United States v. Camarillo*, No. 07-402, 2017 WL 117788, at *1-2 (E.D. La. Jan. 12, 2017) (construing a motion seeking retroactive application of Amendment 794 as a § 3582(c)(2) motion). Under § 3582(c)(2), a court is permitted to modify a sentence if the defendant was sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." 18 U.S.C. § 3582(c)(2).

### 1. Retroactivity of Amendment 794

The amendment in question, Amendment 794, modified the commentary to U.S.S.G. § 3B1.2, entitled "Mitigating Role," and became effective on November 1, 2015. U.S. Sentencing Guidelines Manual

---

[2] The instant motion cannot be construed as a motion for relief under 28 U.S.C.A. § 2255, because the motion is not a direct appeal or an appeal of a sentence imposed in excess of the statutory maximum. *See United States v. Camarillo*, No. 07-402, 2017 WL 117788, at *2 (E.D.La. Jan. 12, 2017).

app. C, amend. 794, at 117 (SUPP. NOV. 1, 2015). Because Defendant was sentenced on September 23, 2015, Amendment 794 must apply retroactively in order to lower the sentencing range on which his sentence was based. *Gomez-Valle*, 828 F.3d at 330 ("Generally, sentencing and reviewing courts apply the Guidelines Manual in effect at the date of sentencing.").

Courts may modify a sentence with a 18 U.S.C. § 3582(c)(2) motion only if the guideline range was lowered by an amendment listed in U.S.S.G. § 1B1.10(d). U.S. SENTENCING GUIDELINES § 1B1.10(a)(1). If an amendment to the United States Sentencing Guidelines is not listed in § 1B1.10(d), then such a reduction "is not authorized under 18 U.S.C. § 3582(c)(2)." *Id.* at § 1B1.10(a)(2). Amendment 794 is not listed in U.S.S.G. § 1B1.10(d). As such, the Amendment cannot be retroactively applied under § 3582(c)(2) to Defendant, whose sentencing took place on September 23, 2015. Rec. Doc. 84.

However, in *United States v. Quintero-Leyva*, cited by Defendant, the Ninth Circuit held that Amendment 794 applies retroactively. 825 F.3d 519, 522 (9th Cir. 2016). The Fifth Circuit has not determined whether Amendment 794 is retroactive. *United States v. Gomez-Valle*, 828 F.3d 324, 330 (5th Cir. 2016)(declining to resolve whether Amendment 794 was retroactive because even if applied retroactively, it would not apply to defendant's sentence); *United States v. Castro,* 843 F.3d 608, 610 (5th Cir.

3

2016)(same). Nonetheless, this Court need not resolve the issue of retroactivity because Defendant's motion fails to satisfy the substantive requirements of an 18 U.S.C. § 3582(c)(2) motion.

**2. Amendment 794 would have had no effect on Defendant's sentence.**

Defendant's sentence was not "based on a sentencing range that has subsequently been lowered by the Sentencing Commission" as required under 18 U.S.C. § 3582(c)(2), because Amendment 794 does not affect the outcome of this case by lowering the sentencing range.

U.S.S.G. § 3B1.2 instructs the sentencing courts to decrease a defendant's offense level if the defendant was a minimal or minor participant in the criminal activity. U.S. SENTENCING GUIDELINES MANUAL § 3B1.2. The commentary to this mitigating role adjustment stated that it is available to any defendant "who plays a part in committing the offense that makes him substantially less culpable than the average participant." *Id*. § 3B1.2 cmt. n. 3(A). Amendment 794 addressed a circuit conflict regarding the meaning of "average participant" that resulted in an uneven application of this this provision. *Gomez-Valle*, 828 F.3d at 329. Amendment 794 took the approach that the defendant should be compared to the other participants in that criminal activity, rather than compared to the general "universe of actors" in similar crimes. U.S. SENTENCING GUIDELINES MANUAL app. C, amend. 794, at 115-16 (SUPP. Nov. 1, 2015).

4

Additionally, Amendment 794 made clear that a defendant could not be denied a mitigating role reduction simply because he or she played an "integral" or "indispensable" role, as long as that role otherwise qualified as minor or minimal. *Id.* at 116.

Amendment 794 does not change the amount of reduction available under U.S.S.G. § 3B1.2, but informs the Court how to analyze the role played by the defendant. If this Court found that Defendant was not entitled to a mitigating role reduction by relying on the "universe of actors" standard or by finding that Defendant was an "integral" or "indispensable" actor, then Amendment 794 (if retroactive) would have called such analysis into question. *See Gomez-Valle*, 828 F.3d at 330-31 (inquiring as to whether the district court found his role "integral" or misapplied the "average participant" standard).

In Defendant's PSR, the base offense level of the three counts against Defendant were based on U.S.S.G. § 2D1.1. (Rec. Doc. 72 at 7). Section § 2D1.1(5) contemplates the consideration of a mitigating role reduction under § 31B.2. U.S. SENTENCING GUIDELINES MANUAL § 2D1.1(5). The Government did not reduce the base level offense in consideration of the Defendant's role in the offense. (Rec. Doc. 72 at 6-7). But the record bears no indication that this Court, or the Government, made such considerations when declining to apply an adjustment for Defendant's role in the offense. Rec. Docs. 72 at 6-7; 84. *See Gomez-Valle*, 828 F.3d at

331 (finding that a record which does not indicate the misapplication of the "average participant" standard or determination of "integral" role is unaffected by Amendment 794). Because the record does not show any evidence that this Court made considerations that were modified under Amendment 794 to U.S.S.G. § 31B.2, Amendment 794 is inapplicable to Defendant's sentence.

**3. Appointment of Counsel for this Motion**

The controlling authority for assignment of counsel is Federal Rule of Criminal Procedure 44, cited by the Criminal Justice Act, 18 U.S.C. § 3006(c). A defendant is entitled to appointment of counsel "at every stage of the proceeding from initial appearance before the United States magistrate judge or the court through appeal, including ancillary matters appropriate to the proceedings." 18 U.S.C. § 3006(c).

Generally, "ancillary matters" refers to matters involved "in defending the principal criminal charge" and not to post-conviction proceedings. *U.S. v. Garcia*, 689 F.3d 362, 364 (5th Cir. 2012) (citing *U.S. v. Whitebird,* 55 F.3d 1007, 1010 (5th Cir. 1995)). A sentence amendment is not an "ancillary matter" that warrants the appointment of counsel under 18 U.S.C. § 3006(c). *U.S. v. Whitebird,* 55 F.3d 1007, 1010-11 (5th Cir. 1995) (holding that a post-conviction reduction motion under 18 U.S.C. § 3582(c)(2) is not an "ancillary matter."). Consequently, Defendant is not entitled to counsel for this motion.

6

## V.    CONCLUSION

Defendant's 18 U.S.C. § 3582(c)(2) motion is improper because Amendment 794 to U.S.S.G. § 31B.2 is substantively inapplicable to Defendant's sentence. Amendment 794 does not lower the sentencing guidelines that Defendant's sentence was based on because the record does not show any evidence that this Court made considerations that were the modified by Amendment 794.

Further, Defendant is not entitled to counsel for this matter because it is not an "ancillary matter" that warrants the appointment of counsel under 18 U.S.C. § 3006(c). Because Defendant failed to raise any applicable amendment to the United States Sentencing Guidelines to warrant a review of his sentence, his motion should be dismissed.

Accordingly, **IT IS ORDERED** that Defendant's motion to amend and modify sentence be **DENIED.**

New Orleans, Louisiana, this 20th day of March, 2017.

SENIOR UNITED STATES DISTRICT JUDGE