**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO. 14-172** |
| **MANUEL MINJAREZ** | **SECTION "B"(3)** |

## ORDER AND REASONS

Petitioner Manuel Minjarez has moved for reconsideration of the Court's denial (Rec. Doc. 101) of his motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. Rec. Doc. 104. The Government timely filed an opposition. Rec. Doc. 106. For the reasons discussed below,

**IT IS ORDERED** that the motion (Rec. Doc. 104) is **DENIED**.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The factual background and procedural history of this case were discussed in depth in the Order and Reasons denying Petitioner Manual Minjarez's Section 2255 motion. *See* Rec. Doc. 101. The relevant facts are included again here.

On August 8, 2014, Petitioner was charged in a three count indictment with (1) one count of conspiracy to distribute and possess with intent to distribute 500 grams or more of a substance containing a detectable amount of methamphetamine and (2) two counts of using a communications facility to facilitate a drug crime. *See* Rec. Doc. 5. On June 10, 2015, Petitioner pled guilty to all three counts of the indictment without a plea agreement.

1

*See* Rec. Doc. 68. The factual basis agreed to by the Government and Petitioner, and accepted by the Court at the rearraignment hearing, detailed Petitioner's involvement with the drug conspiracy. *See* Rec. Doc. 69.

Specifically, the factual basis described various shipments from a "methamphetamine distributor" in Fresno, California, to Petitioner in Louisiana. *See id.* One package sent to Petitioner on July 16, 2014, was intercepted by the United States Postal Service and contained "approximately 437.1 grams of pure methamphetamine." *Id.* at 2. The methamphetamine distributor had sent another package to Petitioner on July 10, 2014. *See id.* That package was not intercepted, but "weighed approximately one pound and eleven ounces." *Id.*

Based on the pair of shipments described in the factual basis, the Presentence Report (PSR) calculated Petitioner's sentence for "an offense involving at least 500 grams but less than 1.5 kilograms of methamphetamine." Rec. Doc. 72 at 5-7. Neither the Government nor Petitioner objected to the PSR and the Court adopted the PSR for sentencing. *See* Rec. Doc. 84 at 3-5. The Guidelines range for Count 1 (the drug conspiracy) was 151 to 188 months imprisonment. *See* Rec. Doc. 72 at 15. Petitioner was sentenced to 151 months of imprisonment as to Count 1 and forty-eight months of imprisonment as to each Counts 2 and 3. *See* Rec. Doc. 84 at 21:10-

18. Petitioner's sentences run concurrently with credit for time served. *Id.*

In his Section 2255 motion, Petitioner argued, *inter alia*, that his sentence was invalid because he suffered ineffective assistant of counsel during the sentencing hearing when his "attorney instructed [him] to remain quiet and not object to the drug quantity" in the PSR. Rec. Doc. 97 at 7-8. Petitioner argued that his attorney should have allowed him to object because "[t]he drug amount in [his] presentencing investigation report w[as] listed as 500 grams or more[,]" but "[t]he actual and correct amount was 443 grams." *Id.* at 7. In denying Petitioner's Section 2255 motion, the Court concluded that Petitioner's counsel did not render ineffective assistance by deciding not to object to the PSR because no objection was warranted. *See* Rec. Doc. 101 at 16. The Court reasoned that the factual basis and PSR adequately supported the conclusion that Petitioner was responsible for 500 grams or more of methamphetamine. *See id.* at 15-16. Petitioner then filed the instant motion for reconsideration, arguing again that his sentence should have been based on less than 500 grams of methamphetamine. *See* Rec. Doc. 104 at 1.

**LAW AND ANALYSIS**

Petitioner filed the instant motion to reconsider twenty-six days after the Court denied his Section 2255 motion. *See* Rec. Docs. 101; 104. Therefore, Petitioner's motion should be analyzed under

Federal Rule of Civil Procedure 59(e). *See Texas A&M Research Found. v. Magna Transp., Inc.*, 338 F.3d 394, 400 (5th Cir. 2003); *see also, e.g.*, *United States v. Caston*, No. 09-98, 2012 WL 5463143, at *1-2 (E.D. La. Nov. 8, 2012) (using Rule 59(e) to analyze a timely filed motion for reconsideration of denial of Section 2255 motion). "Rule 59(e) serves the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Templet v. HydroChem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). "A Rule 59(e) motion . . . is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before" the order was issued. *Id.* at 478-79. As a result, the "extraordinary remedy" available under Rule 59(e) "should be used sparingly." *Id.* at 479.

Petitioner offers no valid reason to reconsider the denial of his Section 2255 motion. As discussed previously, Petitioner argued in this Section 2255 motion that his counsel was ineffective because she failed to object to the drug weight in the PSR.[1] *See* Rec. Doc. 97 at 8. The Court rejected this argument and explained that Petitioner's counsel was not ineffective because the drug weight in the PSR was supported by the factual basis; any objection

---

[1] Insofar as Petitioner's motion for reconsideration can be read to argue that the Court erred in applying the sentencing guidelines, such an argument would fail. "Misapplications of the Sentencing Guidelines . . . are not cognizable in § 2255 motions." *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999).

4

would have been futile. *See* Rec. Doc. 101 at 15-16. In the instant motion, Petitioner argues that the drug amount in the PSR was inaccurate because it was based on "pure speculation by the government without valid support[ing] facts." Rec. Doc. 104 at 2.

Petitioner's allegation merely rehashes an argument that was considered and rejected when the Court denied Petitioner's Section 2255 motion. *See* Rec. Doc. 101 at 15-16. Therefore, Petitioner offers no basis for reconsideration under Rule 59(e). *See Templet*, 367 F.3d at 478-79. Also, as previously explained, the drug weight is not based on "pure speculation" because the factual basis, which informed the PSR, identifies two shipments. *See* Rec. Doc. 69 at 1-2. One was intercepted and contained 437.1 grams of methamphetamine. *See id.* at 2. The second package was not intercepted, but weighed over one pound. *See id.* The second package was sent from Fresno, California, where the methamphetamine dealer was located, to 229 Crozier Drive in Houma, Louisiana. *See id.* Petitioner was recorded, on at least one other occasion, asking the methamphetamine dealer to mail methamphetamine to Petitioner at the Crozier Drive address. *See id.* These facts support the conclusion that the second package sent to Petitioner also contained methamphetamine, which in turn supports the drug amount in the PSR. *See United States v. Harris*, 702 F.3d 226, 230-31 (5th Cir. 2012) ("When making factual findings for sentencing purposes, district courts may consider any information which bears

5

sufficient indicia of reliability to support its probable accuracy. Generally, a PSR bears sufficient indicia of reliability to be considered as evidence by the sentencing judge in making factual determinations.") (internal citations omitted). Petitioner has never argued, let alone offered any evidence, that the factual allegations supporting the PSR's drug weight are inaccurate. *See id.* ("A district court, therefore, may adopt the facts contained in a PSR without further inquiry if those facts have an adequate evidentiary basis with sufficient indicia of reliability and the defendant does not present rebuttal evidence or otherwise demonstrate that the information in the PSR is unreliable.") (internal citations and alterations omitted). He knowingly and voluntarily pled guilty to the offense he now seeks to qualify. Further, Petitioner was asked if he agreed with the factual basis that contained the drug quantity at issue and he expressly agreed to it and signed it. Again, at sentencing he was given the opportunity to express his position and voiced no concern about the drug quantity attributable to him. His contention against counsel is totally discredited.

New Orleans, Louisiana, this 11th day of May, 2018.

_____
SENIOR UNITED STATES DISTRICT JUDGE

6